**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CRIMINAL ACTION NO. H-11-316 |
| EDWIN VENTURA OCHOA, | § § | |
| Defendant. | § § | |

**ORDER**

The defendant in this case, Edwin Ventura Ochoa, filing *pro se* as "petitioner," has filed a "Motion for Consideration (New Fast-Track Policy)." Ochoa pleaded guilty in June 2011 to the indictment. He was sentenced in October 2011 to a 45-month prison term. Ochoa, represented by counsel, appealed. That appeal was dismissed on the appellant's motion in April 2012. Despite the appeal and voluntary dismissal, Ochoa has now moved for this court to reconsider the judgment and sentence that followed his guilty plea. (Docket Entry No. 42). Ochoa seeks a sentence reduction on the ground that the recently implemented "fast-track" program should be applied to his case.

Fast-track programs have been used in federal district courts since as early as 1994. *United States v. Jimenez-Perez,* 659 F.3d 704, 706 (8th Cir. 2011) (citations omitted). These programs began when United States Attorneys offered to recommend more lenient sentences in exchange for preindictment guilty pleas and surrendering certain appellate rights. *United States v. Reyes-Hernandez,* 624 F.3d 405, 409–10 (7th Cir. 2010). In 2003, Congress adopted the practice through the passage of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (2003). Congress approved

limited sentence reductions for offenses "whose high incidence within the district has imposed an extraordinary strain on the resources of that district as compared to other districts." H.R. Rep. No. 108–48, at 7 (2003). The PROTECT Act directed the Sentencing Commission to develop a scheme for authorizing downward sentencing departures if the government filed a motion under a fast-track program authorized by the Attorney General and the United States Attorney for a particular district. *Reyes-Hernandez,* 624 F.3d at 410 (citing *United States v. Martinez-Martinez,* 442 F.3d 539, 542 (7th Cir. 2006)). In response, the Sentencing Commission promulgated U.S.S.G. § 5K3.1, authorizing the court, on the government's motion, to "depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." The Department of Justice issued a directive that, effective March 1, 2012, districts prosecuting illegal reentry cases implement fast-track programs with explicit criteria. *See* Mem. from James M. Cole, Deputy Attorney General, to all U.S. Attorneys (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf. Effective March 1, 2012, the United States Attorney's Office for the Houston Division of the Southern District of Texas began implementing a fast-track program. The border divisions of this district had such a program at the time Ochoa was sentenced. He urges that his sentence should be reduced because of the recently created fast-track program in the Houston Division. Ochoa's argument fails.

Defendants are not eligible to ask their sentencing court for a fast-track sentence reduction or to compel the government to ask for the reduction. Before sentencing, the government may move for a downward departure from the adjusted base level offense pursuant to the fast-track program. The government did not make such a motion in this case. Additionally, to gain the benefits of the

fast-track program, defendants are required to waive certain pretrial and posttrial rights. Ochoa has not waived these rights. Finally, the fast-track program is not retroactive. *See United States v. Rascon–Olivas,* No. 10–CR–0230(21), 2012 WL 695838, at *1 n.1 (D. Minn. Feb. 28, 2012); *United States v. Alvarez-Quiroz*, No. 06-310(3) ADM/JJG, 2012 WL 2003501, at *2–3 (D. Minn. June 5, 2012); *United States v. Seledon-Lopez*, No. 2:09-cr-246-RLH-RJJ, 2012 WL 1744535, at *1 (D. Nev. May 15, 2012). This case does not fall within this court's authority to reduce a sentence. *See* 18 U.S.C. § 3582(c)(2) (allowing sentence reduction if the applicable Guidelines range is subsequently lowered by amendment); 18 U.S.C. § 3582(c)(1)(A) (permitting reduction under certain specified situations, none of which are present here); FED. R. CRIM. P. 35(b)(1) (stating that the court may reduce a sentence within one year of sentencing for subsequent substantial assistance in an investigation or prosecution); FED. R. CRIM. P. 35(a) (stating that the court, "within 7 days after sentencing, may correct sentence that resulted from arithmetical, technical, or other clear error").

The motion for reconsideration is denied.

SIGNED on June 15, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge